**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| **JENNIFER HAYES**, on behalf of themselves and all others similarly situated, | ) ) ) ) Case No. 3:19-cv-375 |
| Plaintiffs, | ) ) Judge ) |
| v. | ) **PLAINTIFF'S COLLECTIVE** ) **ACTION COMPLAINT FOR** ) **VIOLATIONS OF THE FAIR** |
| **THOR MOTOR COACH, INC.**, | ) **LABOR STANDARDS ACT** ) |
| Defendant. | ) **CLASS ACTION COMPLAINT** ) ) **JURY DEMAND ENDORSED** ) **HEREON** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Jennifer Hayes ("Hayes" or "Plaintiff"), on behalf of herself and all others similarly situated, files this Class Action and FLSA Collective Action Complaint against Defendant, Thor Motor Coach, Inc. ("Defendant"), showing in support as follows:

**I.   NATURE OF THE CASE**

1.   Defendant is in the business of manufacturing motorhomes. In connection with its operations, Defendant employs non-exempt manufacturing employees.

2.   Hayes was employed by Defendant as a non-exempt manufacturing employee in this District and Division.

3.   Plaintiff and the putative class and collective action members regularly worked in excess of 40 hours per workweek as employees of Defendant but were not paid all overtime premium compensation owed to them under the federal Fair Labor Standards Act ("FLSA") by Defendant.

4. Plaintiff and the putative class and collective action members (1) worked both productive and non-productive hours; (2) were paid by Defendant on a piece rate basis only for their productive hours (e.g. time spent engaged in manufacturing work); and (3) were not paid for their non-productive hours (e.g. wait time).

5. Defendant paid Plaintiff and the putative class and collective action members an overtime premium equal to one-half of an improperly calculated regular rate of pay instead of time and one-half of a properly calculated regular rate of pay in violation of the FLSA.

6. Defendant improperly calculated Plaintiff's and the putative class and collective action members' regular rate for purposes of computing overtime compensation by including both productive and unpaid non-productive hours in the regular rate calculation in violation of the FLSA. This improper calculation resulted in the dilution of Plaintiff's and the putative class and collective action members' overtime rate, which ultimately resulted in the underpayment of overtime compensation.

7. Defendant was required by the FLSA[1] to calculate the Plaintiff's and the putative class and collective action members' regular rates of pay for purposes of computing overtime compensation by dividing their weekly piece rate pay by the productive hours worked only. Defendant failed to do so.

8. Then, Defendant was required by the FLSA to pay Plaintiff and the putative class and collective action members overtime compensation equal to one and one-half times of that regular rate of pay for all hours worked, both productive and non-productive time, in excess of 40 in a workweek. Defendant failed to do so.

---

[1] 29 C.F.R. § 778.318(b) ("In the absence of any agreement setting a different rate for nonproductive hours, the employee would be owed compensation at the regular hourly rate set for productive work for all hours up to 40 and at a rate at least one and one-half times that rate for hours in excess of 40.").

9. Plaintiff, individually and on behalf of the putative class members, is pursuing class wide claims under the Indiana Wage Payment Statute, I.C. 22-2-5, to recover all unpaid wages. Unpaid wages include wages owed for unpaid work hours (including work hours Defendant characterized as non-productive time) and wages owed based upon unlawful wage deductions Defendant took from Plaintiff's pay and similarly took from class members' pay.

10. Specifically, Defendant is and has been taking unlawful wage deductions from its employees' pay checks for costs of tools Defendant requires employees to buy and use for work. The wage deductions are described as "Purchase," "Sales Tax Purchase" and "Drug Test" on employee pay stubs. These deductions are taken in violation of Indiana's wage statutes, as they violate Indiana's Wage Assignment Statute, I.C. 22-2-6-2, by virtue of Defendant's failure to have a fully compliant wage assignment with each employee. The deductions result in the underpayment of wages in violation of the Indiana Wage Payment Statute, I.C. 22-2-5. Those same unlawful deductions violate the Fair Labor Standards Act ("FLSA"), particularly as the deductions cause overtime violations, because Defendant is violating the FLSA's rule that wages (including payment of an overtime wage) must be paid free and clear, unconditionally, and not subject to any kickbacks.

11. Plaintiff files this lawsuit individually and on behalf of the putative class and collective action members and seeks all damages available under the FLSA and the Indiana Wage Payment Statute, including unpaid wages, unpaid overtime wages, liquidated damages, legal fees, costs and expenses, and post-judgment interest.

## II. THE PARTIES, JURISDICTION AND VENUE

12. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

13. Hayes is a natural person. She has standing to file this lawsuit.

14. Hayes is a former employee of Defendant with dates of employment being approximately March 2015 through December 2017. Hayes voluntarily resigned from her position of employment with the Defendant in December 2017.

15. Hayes was employed by Defendant as a non-exempt manufacturing employee. During her employment, she worked at Defendant's Bristol, Indiana Plant and at Defendant's Elkhart, Indiana Plant.

16. Hayes' consent to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. §216(b) is attached hereto as Exhibit 1.

## A.     **FLSA Collective Action Members**

17. The putative collective action members are all current and/or former employees of Defendant who work/worked for Defendant as a non-exempt manufacturing employee in the United States, are/were paid on a piece rate basis, and who worked 40 or more hours in any workweek during the period from three (3) years preceding the filing of this Complaint through the disposition of this matter.

18. The putative collective action members are similarly situated to the Plaintiff, and to one another, within the meaning of Section 216(b) of the FLSA.

19. Plaintiff reserves the right to redefine the class, request more than one class, and/or request additional sub-classes relative to any motion for conditional certification and/or motion for decertification filed in this lawsuit.

## B.     **Defendant Thor Motor Coach, Inc.**

20. Defendant is in the business of manufacturing motorhomes.

21. Defendant is a foreign corporation that is registered to do business in Indiana. During all times relevant to this lawsuit, Defendant has done business in the State of Indiana. Defendant has numerous operating locations in Indiana.

22. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

23. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

24. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, and/or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person.

25. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross volume of sales made or business done in excess of $500,000.

26. Defendant's principal place of business is 701 County Road 15, Elkhart, Indiana 46516.

27. Defendant may be served with summons through its registered agent, CT Corporation System, 150 West Market Street, Suite 800, Indianapolis, Indiana  46204.

**C.**     **Jurisdiction and Venue**

28. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

29. During all times relevant to this lawsuit, Defendant has done business in the State of Indiana and continues to do business in the State of Indiana.  Defendant has numerous operating locations in Indiana.

30. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases her claims on federal law, namely the FLSA. Additionally, this Court has supplemental jurisdiction over Plaintiff's Indiana Wage Payment Statute claim, which has a common basis in fact with her own and the other Plaintiff class members' FLSA claims.

31. Venue is proper in this district and division because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district and division.

### III.     FACTUAL BACKGROUND

32. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

33. At all relevant times, Defendant employed non-exempt manufacturing employees.

34. The job duties of Defendant's manufacturing employees include non-exempt manual work.

35. Defendant employed hundreds of non-exempt manufacturing employees during the time period of three years preceding the date this lawsuit was filed and forward.

36. Plaintiff and the putative collective action members are and/or were employed by Defendant during the time period of three years preceding the date this lawsuit was filed and forward. During this time period, Plaintiff and the putative collection action members routinely worked in excess of 40 hours per workweek.

37. Defendant had Plaintiff and the putative collective action members clock in at the beginning of their workday and clock out at the end of their workday.

38. Plaintiff and the putative collective action members were paid based on the number of units they completed, which is piece rate pay. The hours spent performing this work is called

"productive time" relative to the FLSA's unique overtime rules concerning piece rate workers. Defendant paid Plaintiffs and the putative class and collective action members on a piece-rate basis for their productive time.

39. During the continuous workday between clock in and clock out, Plaintiff and the putative collective actions members also spent significant amounts of time waiting for their units so that they could perform their manufacturing duties. The hours spent performing this work is called "non-productive time" relative to FLSA's unique overtime rules concerning piece-rate workers. Defendant did not pay Plaintiff and the putative class and collective action members for their non-productive time.

40. Defendant also violated the Indiana Wage Payment Statute by failing to pay Plaintiff and the putative class members for all hours of work, including the work hours Defendant characterized as "non-productive time." The Indiana Wage Payment Statute requires every employee be paid in full and on time.

41. In addition, Defendant did not pay Plaintiff and the putative class and collective action members overtime compensation equal to one and one-half times their lawful regular rates of pay for all hours worked in excess of 40 in a workweek. Instead, Defendant paid Plaintiff and the putative class and collective action members overtime compensation equal to one-half of an unlawful regular rate of pay for all hours worked in excess of 40 in a workweek in violation of the FLSA.

42. Defendant improperly calculated Plaintiff's and the putative class and collective action members' regular rate of pay by including both productive and unpaid non-productive hours in the regular rate calculation in violation of the FLSA.

43. As described above, Defendant is and has been taking unlawful wage deductions from its employees' pay checks for costs of tools Defendant requires employees to buy and use for work. The wage deductions are described as "Purchase," "Sales Tax Purchase" and "Drug Test" on employee pay stubs. These deductions are taken in violation of Indiana's wage statutes, as they violate Indiana's Wage Assignment Statute, I.C. 22-2-6-2, by virtue of Defendant's failure to have a fully compliant wage assignment with each employee. The deductions result in the underpayment of wages in violation of the Indiana Wage Payment Statute, I.C. 22-2-5. Those same unlawful deductions violate the Fair Labor Standards Act ("FLSA"), particularly as the deductions cause overtime violations, because Defendant is violating the FLSA's rule that wages (including payment of an overtime wage) must be paid free and clear, unconditionally, and not subject to any kickbacks.

44. During the time period of three years pre-dating the filing of this lawsuit and forward, Defendant employed, and continues to employ, numerous other workers with substantially similar job requirements as Plaintiff who were paid with substantially similar methods of pay as Plaintiff and are/were not paid time and one-half their lawful regular rates of pay for all hours worked over 40 per workweek.

45. Defendant's company-wide pay practices described herein did not comply with the requirements under 29 U.S.C. § 207(a)(1); 29 U.S.C. § 207(g); 29 C.F.R. § 778.109; 29 C.F.R. §778.318; 29 C.F.R. § 531.35 or with caselaw interpreting the same. Defendant's company-wide pay practices described herein did not comply with the Indiana Wage Payment Statute. I.C. 22-2-5.

46. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

47. Federal law requires employers to make and keep accurate and detailed payroll data for certain employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a). Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. §516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

48. "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

49. "The Court…shall, in addition to any judgment awarded to the [prevailing] plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

50. The FLSA provides for a two year statute of limitations for violations of the statute. 29 U.S.C. § 255(a). However, that time period may be extended to three years if the employer's conduct was in willful violation of the law. *Id.* The Indiana Wage Payment Statute has a two year statute of limitations.

### IV. PLAINTIFFS' CLAIMS

#### A. Fair Labor Standards Act Claims

51. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

52. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. §§ 201, *et seq.*

53. At times relevant, Plaintiff was an employee of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

54. At times relevant, the collective action members are and/or were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

55. At times relevant, Plaintiff and the putative collective action members were not exempt from the protections of the FLSA.

56. At all material times, Defendant is and has been an eligible and covered employer pursuant to the FLSA. 29 U.S.C. § 203(d).

57. At all material times, Defendant is and has been an "enterprise engaged in commerce" as that phrase is used in connection with the FLSA. 29 U.S.C. § 203(s)(1)(A).

58. Defendant is required to pay Plaintiff and the putative collection action members overtime compensation equal to one and one-half of their lawful regular rates of pay for all hours worked over 40 in a workweek.

59. Defendant did not pay Plaintiff and the putative collection action members overtime compensation equal to one and one-half of their lawful regular rates of pay for all hours worked over 40 in a workweek. Instead, Defendant paid Plaintiff and the putative collective action members overtime compensation equal to one-half times of an improperly calculated regular rate. This policy and practice violates the FLSA.

60. In calculating the regular rates of pay for purposes of computing overtime compensation for Plaintiff and the putative collection action members, Defendant improperly included in the calculation unpaid nonproductive hours. This policy and practice violates the FLSA.

61. There is no and was no agreement between Defendant, on the one hand, and Plaintiff and the putative collective action members, on the other hand, that allows/allowed Defendant to deviate from the requirements of the FLSA, including the rule under 29 C.F.R. § 778.318(b) for calculating the regular rate for piece rate work. No wages were paid for non-productive time worked. Accordingly, the regular rate of pay for piece rate workers, such as Plaintiff and the putative collective action members, should be calculated by dividing all piece rate pay received in a workweek by productive hours worked in that workweek up to 40 hours. 29 C.F.R. § 778.318(b). The Plaintiff and putative collective action members are/were due time and one-half that regular rate of pay for all hours worked over 40 in each such workweek, inclusive of productive and non-productive time.

62. Defendant's failure to pay Plaintiff and the putative collective action members all overtime premium compensation owed is a violation of the FLSA. 29 U.S.C. § 207(a)(1), 29 U.S.C. § 216(b). This includes overtime wages impaired or not paid due to unlawful kickback deductions taken by Defendant from Plaintiff and putative collective action members' wages in categories Defendant calls "Purchase" and "Sales Tax Purchase."

63. At all times relevant, and on information and belief, Defendant has been aware of the overtime wage requirements of the FLSA for Plaintiff and other similarly situated employees.

64. Defendant's violations of the FLSA are willful within the meaning of 29 U.S.C. § 255(a). For example, at all material times, Defendant was aware that Plaintiff and the putative

collective action members regularly worked in excess of 40 hours per seven day workweek, but were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every such workweek. Plaintiff and collective action members were not paid full overtime in each week she was subjected to a "Purchase," "Drug Test" and/or "Sales Tax Purchase" kickback deduction and also worked more than forty hours.

65. Plaintiff, on behalf of herself and all others similarly situated, seeks all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest. The relevant time period for the FLSA claims in this lawsuit is three years preceding the date it was filed and forward.

## B.  Indiana Wage Payment Statute Claims

62. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

63. Plaintiff has a statutory wage claim arising under the Indiana Wage Payment Statute, I.C. 22-2-5 and she is the named Plaintiff who represents the same or similar interests of all current and former non-exempt employees of Defendant.

64. By way of this Claim, Plaintiff is seeking, individually and on behalf of members of the Plaintiff Class of current and former employees of Defendant (meaning, former employees who voluntarily resigned from employment), all available damages, including all unpaid wages, all underpaid wages, all available liquidated (treble damages), all attorney's fees, costs and expenses, plus any other damage to which Plaintiff and her fellow Plaintiff Class members may be entitled pursuant to law. Pursuant to I.C. 22-2-5-2, Plaintiff is seeking, individually and on behalf of members of the Plaintiff Class, payment of unpaid wages, underpaid wages, plus all available damages, including, but not limited to, double the amount of wages due as an

additional monetary damage, plus all attorney's fees, costs and expenses. Plaintiff further expressly asserts and alleges that Defendant acted in bad faith, and certainly was not acting or seeking to comply with the Indiana Wage Payment Statute in "good faith," when it intentionally created a wage scheme that failed to pay employees for all compensable work time from a first principal activity through a last principal activity each work day, all of which resulted in underpaid wages on a class-wide basis. In the same way, Plaintiff expressly asserts and alleges that Defendant acted in bad faith, and certainly was not acting or seeking to comply with the Indiana Wage Payment Statute in "good faith," when it created its unlawful wage deduction scheme and deducted costs of required tools or drug tests from its employees' wages.

## V.     COLLECTIVE ACTION ALLEGATIONS

65.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

66.     Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

67.     Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of herself and all current and/or former employees of Defendant who, like Plaintiff, work/worked for Defendant as non-exempt manufacturing employees in the United States, are/were paid on a piece rate basis by Defendant, and are not/were not paid all overtime wages owed under the FLSA.

68.     The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

69.     Plaintiff reserves the right to establish additional sub-classes and/or modify class notice language as appropriate in any collective action certification motion, order from the Court, or other proceeding.

70.     Plaintiff further reserves the right to amend the definition of the putative collective action class, or sub-classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VI.     CLASS ACTION ALLEGATIONS

71.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

72.     Plaintiff is pursuing claims individually, but this Complaint is brought as both collective action and as a class action on behalf of other current and former Thor Motor Coach, Inc. employees who were similarly denied payment of wages and overtime compensation under Defendant's compensation scheme that failed to pay employees for all work time from the first principal activity each day through the last principal activity and denied payment of wages in full in weeks deductions were taken from wages.

73.     With respect to FRCP 23(b)(3) class action claims under the Indiana Wage Payment Statute, Plaintiff will serve as class representative over a proposed class. The class will be as follows:

> Plaintiff Jennifer Hayes will serve as class representative for the class-wide claims brought under the Indiana Wage Payment Statute. This Court has supplemental jurisdiction over Plaintiff's Indiana statutory wage claims. This action is filed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Plaintiff and on behalf of all eligible Thor Motor Coach, Inc. current and former employees (who voluntarily resigned) who work or worked for the company and were damaged by Defendant's compensation system which required and resulted in uncompensated work performed by non-exempt employees. By virtue of the class action, Plaintiff represents the identical and/or similar interests of former and current coworkers denied wages under the same circumstances.

74.     Based upon information and belief, the number of potential class members is believed to be several hundred or more individuals, however, the actual number of Thor Motor Coach, Inc. current and former employees who will be members of this collective action/class

action is so great (numerosity) that joinder of all members is impractical. Instead, Plaintiff will pursue discovery to obtain the names of the other current and former Thor Motor Coach, Inc. employees, to provide notice of the collective action, and to offer the opt in opportunity, and to provide notice of the class action and to offer the opt out opportunity.

75. Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective class.

76. Plaintiff's claims are typical of the claims of the whole class of current and former Thor Motor Coach, Inc. non-exempt employees harmed by Defendant's illegal wage practices.

77. Plaintiff will act to fairly and adequately protect the interests of the entire Rule 23 class of current and former Thor Motor Coach, Inc. employees.

78. A "combined"[1] collective action/class action is superior to other available means for the fair and efficient prosecution of these wage claims against Defendant. For example, to prove Defendant's illegal wage practices, Plaintiff and other members of this collective group/class would seek in discovery records about all similarly situated current and former Thor Motor Coach, Inc. employees who were similarly denied earned wages and overtime compensation under Defendant's compensation system which resulted in uncompensated work and unlawfully deducted wages, all of which harmed hourly-paid employees. Individual lawsuits by the members of the collective group/class could lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3) competition for limited funds. Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

---

[1] See *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 973-974 (7th Cir. 2011)

79. A determination regarding the "similarness" of those able to participate in the collective action/class action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages. Particularly with the type of FLSA and Indiana statutory wage violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under the FLSA and Indiana law, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

80. A combined collective action/class action will result in an orderly and expeditious administration of the group members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

81. Because Defendant's compensation system which required and resulted in uncompensated work by non-exempt employees results in wage violations that trigger issues of both federal and state law, this cause of action presents the ideal factual scenario supporting the Court's exercise over the supplemental state law claims, as common state and federal law issues predominate.

## VII.   DAMAGES AND PRAYER

82. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and Rule 23 class and FLSA collective action members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a) An order conditionally certifying this case as a combined FRCP 23(b)(3) class action and FLSA collective action (or sub-class/collective actions as deemed appropriate by the Court) and requiring notice to be issued to all putative collective action members;

   b) All damages allowed by the FLSA for Plaintiff and the FLSA collective action members including back overtime wages and liquidated damages in an amount equal to same;

c) All damages allowed by the Indiana Wage Payment Statute for Plaintiff and the FRCP 23(b)(3) class members including all unpaid wages, all unlawfully deducted wages, and statutory liquidated damages;

d) Legal fees;

e) Costs and expenses;

f) Post-judgment interest; and

g) All other relief to which Plaintiffs and/or the class action and FLSA collective action members are entitled as shown by the facts in this lawsuit.

Dated: May 9, 2019.

Respectfully submitted,

/s/Robert. P. Kondras, Jr.
Robert P. Kondras, Jr. (18038-84)
HASSLER KONDRAS MILLER LLP
100 Cherry St.
Terre Haute, IN 47807
Telephone: (812) 232-9691
Facsimile: (812) 234-2881
Email: kodras@hkmlawfirm.com

/s/Shannon M. Draher
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
**Nilges Draher LLC**
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email:hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

                                                  */s/ Shannon M. Draher*
                                                  Shannon M. Draher