UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JENNIFER HAYES, on behalf of themselves and all other similarly situated, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-00375 DRL-MGG |
| THOR MOTOR COACH, INC., | |
| Defendant. | |

OPINION AND ORDER

Post-reassignment to this presiding judge, this matter presents three related issues: (1) whether Ms. Jennifer Hayes has sufficiently pleaded a plausible claim under the Fair Labor Standards Act (FLSA) against Thor Motor Coach, Inc. (Thor), (2) whether Ms. Hayes has sufficiently pleaded a plausible claim under Indiana state law, and (3) if so, whether the action should proceed as a collective action under the FLSA, a class action under Fed. R. Civ. P. 23, or a combination of both.

Because Ms. Hayes has deficiently pleaded an overtime wage violation under the FLSA, her claim is dismissed without prejudice and with leave to amend. Until Ms. Hayes alleges enough facts to state a plausible claim under the FLSA, her request for a collective action is denied as moot. Her claims under Indiana law, being supplemental to the federal claim, must be dismissed as the court no longer has jurisdiction. That said, the court grants the motion to dismiss, without prejudice to amendment. *See Runnion v. Girl Scouts of Greater Chicago & N.W. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015).

BACKGROUND

Thor is a motorhome manufacturing company that has employed hundreds of non-exempt manufacturing employees during the last three years. ECF 1 ¶ 35. Ms. Hayes began working for Thor in its Bristol, Indiana plant as a manufacturing employee in March 2015. *Id.* ¶¶ 14, 15. She was

employed as a non-exempt employee who regularly worked in excess of 40 hours per workweek. *Id.* ¶ 3. She voluntarily resigned from her position in December 2017. *Id.* ¶ 14.

In her complaint, Ms. Hayes alleges that Thor violated the FLSA and Indiana state law by failing to pay her and the putative class members overtime compensation equal to one and one-half of their lawfully calculated regular rates for all hours worked over 40 in a workweek; and unlawfully deducting her and putative class members' overtime pay by subjecting them to a "Purchase," "Drug Test" and/or "Sales Tax Purchase" kickback deduction. *Id.* ¶ 64.

Proceeding forward, Ms. Hayes requested that this case be conditionally certified as a collective action under 29 U.S.C. § 216(b), and certified as a class action under Fed. R. Civ. P. 23(b)(3). *Id.* ¶ 82. In response, Thor moved to dismiss Ms. Hayes' claims under Fed. R. Civ. P. 12(b)(6) or alternatively to strike her class and collective action allegations. ECF 17. On August 20, 2019, the court issued an order detailing a plan for the parties to conduct limited discovery pending a ruling on the motion to dismiss. ECF 30.

STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face and raise a right to relief above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is plausible enough to survive a motion to dismiss is "a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

DISCUSSION

Under the Fair Labor Standards Act, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). According to Ms. Hayes, Thor's company-wide overtime pay practices failed to comply with the FLSA. ECF 1 ¶ 45.

When determining compliance with 29 U.S.C. § 207(a)(1), federal circuits have applied a "per-workweek measure" to the pleadings. *Hirst v. Skywest, Inc.,* 910 F.3d 961, 966 (7th Cir. 2018); *Landers v. Quality Comm., Inc.,* 771 F.3d 638, 646 (9th Cir. 2014); *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2nd Cir. 2013); *Hall v. DIRECTV, LLC,* 846 F.3d, 757, 776 (4th Cir. 2017); *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012). For example, the Second and Ninth Circuits have held that, for overtime claims, plaintiffs must allege facts that show there was at least one workweek in which they worked over 40 hours and were not compensated overtime wages. *Landers,* 771 F.3d at 646; *Dejesus*, 726 F.3d at 90. Plaintiffs must "provide some factual context that will nudge their claim from conceivable to plausible." *Hall,* 846 F.3d at 777. While plaintiffs need not plead specific dates and times, they "must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay." *Id.*

In *Pruell*, 678 F.3d at 13, the plaintiffs alleged, among other things, that they "regularly worked" hours over 40 in a week and were not compensated for such time. The court characterized these allegations as "one of those borderline phrases" that while not necessarily an "ultimate legal conclusion," was "little more than a paraphrase of the statute." *Id.* The district court, relying on *Twombly*, 550 U.S. at 562 and *Iqbal* 556 U.S. at 678, decided to dismiss the amended complaint, saying

3

"even the amended complaint does not provide examples (let alone estimates as to the amounts) of such unpaid time for either plaintiff or describe the nature of the work performed during those times." *Id.* The First Circuit affirmed the district court's dismissal of the complaint for failure to state an FLSA claim but remanded to allow the plaintiffs to amend their complaint. *Id.* at 15.

Here, for Ms. Hayes to plead an FLSA overtime claim adequately, she "must provide sufficient detail about the length and frequency of [her] unpaid work to support a reasonable inference that [she] worked more than forty hours in a given week." *Nakahata v. N.Y.-Presbyterian Healthcare Sys.,* 723 F.3d 192, 201 (2d Cir. 2013). She may meet this initial standard "by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Landers,* 771 F.3d at 645 (citing *Pruell,* 678 F.3d at 14).

The Seventh Circuit adopted this same pleading approach to FLSA minimum wage calculations in *Hirst,* 910 F.3d at 966, and the court finds the approach equally applicable here to this overtime wage context. Ms. Hayes must plead her federal claim with sufficient detail, but she has not done so. *See also Hughes v. Scarlett's G.P., Inc.*, No. 15-cv-5546, 2016 U.S. Dist. LEXIS 103880, at 10 (N.D. Ill. Aug. 8, 2016) ("Instead of identifying a single instance of any named plaintiff working more than forty hours in a week without due compensation, Plaintiffs generally allege that, 'at times . . . each did . . . [and] [t]his does not constitute 'factual matter' as required by . . . federal pleading standards."); *Trujillo v. Mediterranean Kitchens, Inc.*, No. 17-CV-01887, 2017 U.S. Dist. LEXIS 106449, at 1 (N.D. Ill. July 11, 2017) ("courts of this district have generally agreed that a plaintiff must plead details beyond having worked more than 40 hours without overtime to state a claim under the FLSA"); *Labriola v. Clinton Entm't Mgmt., LLC,* No. 15 C 4123, 2016 U.S. Dist. LEXIS 37186, at 3 (N.D. Ill. Mar. 22, 2016) ("in order to survive a motion to dismiss, a plaintiff must at least allege forty hours of work in a given work week as well as some uncompensated time in excess of the forty hours").

4

Thor argues that "Plaintiff does not identify a single workweek in which she was improperly paid." ECF 18 at 7. The court agrees, and finds the complaint lacks enough factual allegations to swing the pendulum of this crafted claim from probable to plausible. Instead, Ms. Hayes offers a variety of generic statutory paraphrasing that mimics a violation of the FLSA. This is not enough to withstand a motion to dismiss: it fails to provide the court with adequate information to find a valid and plausible claim under the FLSA.

Ms. Hayes' complaint is deficient under both the FLSA-specific pleading requirements, using the per-workweek measure, and under the federal pleading standards within the *Twombly* and *Iqbal* tradition. Instead of describing her allegations with factual context, she states generic conclusions. Under *Twombly*, 550 U.S. at 555, a complaint that offers conclusions, formulaic recitations of a cause of action's elements, or "naked assertions" devoid of adequate factual elaboration is insufficient. *See also Alamo v. Bliss*, 864 F.3d 541, 549 (7th Cir. 2017). Here, Ms. Hayes states the following:

- "[Thor] had Plaintiff . . . clock in at the beginning of [her] workday and clock out at the end of [her] workday." ECF 1 ¶ 37.
- "Plaintiff . . . routinely worked in excess of 40 hours per workweek." *Id.* ¶ 36.
- "Plaintiff . . . [was] paid based on the number of units [she] completed, which is piece rate pay. The hours spent performing this work is called 'productive time' . . . . [and] [Thor] paid [her] . . . on a piece-rate basis for [her] productive time." ¶ 38.
- "Plaintiff . . . spent significant amounts of time waiting for [her] units so that [she] could perform [her] manufacturing duties. The hours spent performing this work is called "non-productive time" . . . [and Thor] did not pay Plaintiff . . . [her] non-productive time." ¶ 39.
- "Plaintiff . . . (1) worked both productive and non-productive hours; (2) [was] paid by [Thor] on a piece rate basis only for [her] productive hours . . .; and (3) [was] not paid for [her] non-productive hours." *Id.* ¶ 4.
- "Plaintiff . . . regularly worked in excess of 40 hours per workweek as employees of [Thor] but [was] not paid all overtime premium compensation owed to [her] under the federal Fair Labor Standards Act." *Id.* ¶ 3
- "[Thor] did not pay Plaintiff . . . overtime compensation equal to one and one-half times [her] lawful regular rates of pay for all hours worked in excess of 40 in a workweek." ¶ 41.

These conclusions lack the necessary detail to state a plausible complaint under the FLSA. Ms. Hayes' claims she "routinely" and "typically" worked over 40 hours per week and that she wasn't paid one and a half times an "unlawful regular rate of pay." However, she does not estimate how many hours per week she worked, and she fails to explain the breakdown between non-productive time and productive time. Her overtime calculation is contingent on a regular rate of pay, which is calculated by dividing the piece-rate pay by the total hours worked in a week. Yet, nowhere in Ms. Hayes complaint does she allege regular rate of pay, piece-rate pay, or average total hours. Conclusory allegations of her sort are insufficient under federal pleading standards.

To further illustrate, Ms. Hayes claims that "[Thor] is and has been taking unlawful wage deductions from its employees' pay checks . . . described as 'Purchase,' 'Sales Tax Purchase' and 'Drug Test' on employee pay stubs." ECF 1 ¶ 10. But she provides no estimate of how much these deductions cost each employee, nor how they relate to her earned overtime wages. Instead, she states the conclusion that these deductions "violate the Fair Labor Standards Act . . . particularly as the deductions cause overtime violations." *Id*. While this may allude to the possibility of an overtime wage violation, it does not make one plausible. *See Indep. Trust*, 665 F.3d at 935.

As a comparison, the plaintiffs in *Hirst* at least alleged some factual context concerning hourly rate, time on duty, and details concerning the type of work performed. *See Hirst v. SkyWest, Inc.,* 283 F. Supp.3d 684, 688 (N.D. Ill. 2017). Despite that context, this circuit affirmed the district court's decision to dismiss the FLSA claim as insufficiently pleaded. *Hirst,* 910 F.3d at 966. But here, Ms. Hayes fails to even plead those minimal details, so she has failed to state a plausible claim under the FLSA. Because the court has allowed the parties to conduct limited discovery, Ms. Hayes may now have enough details to state a plausible claim under the FLSA; until then, her complaint must be dismissed.

With the federal claim dismissed, the state law claims cannot remain here in federal court at this early stage. "[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999); *see also Khan v. State Oil Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996) (reminding district courts that there is a presumption against retaining jurisdiction of supplemental state law claims when the federal claims are dismissed before trial and a concomitant need to state the ground on which the court believes the presumption has been rebutted), *vacated on other grounds, State Oil Co. v. Khan,* 522 U.S. 3 (1997).

## CONCLUSION

Accordingly, the court GRANTS Thor's motion to dismiss (ECF 17) under Fed. R. Civ. P. 12(b)(6) and DISMISSES this case, with leave granted to amend on or before December 20, 2019. *See Runnion*, 786 F.3d at 519. The request, made within the complaint, for a collective or class action is denied as moot.

SO ORDERED.

November 27, 2019  *s/ Damon R. Leichty*
Judge, United States District Court