UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JENNIFER HAYES, on behalf of themselves and all other similarly situated, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-00375 DRL-MGG |
| THOR MOTOR COACH, INC., | |
| Defendant. | |

OPINION & ORDER

The court erred in its prior opinion when it divided Jennifer Hayes' piece-rate wages by 40 hours (non-overtime hours) to calculate her regular rate of pay when it should have divided her piece-rate wages by her total hours (non-overtime hours plus overtime hours). *See* 29 C.F.R. § 778.111. The court appreciates Thor Motor Coach raising this issue. Ms. Hayes—rightfully so—leaves that portion of the company's reconsideration request unaddressed. The court has the authority to correct its prior ruling and does so. *See Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).

Still, with that correction made, for all the other reasons stated in the court's prior opinion denying the second motion to dismiss, the court denies Thor's motion to reconsider otherwise. Though the calculation was indeed an error, it was not so manifest that it upsets the other reasons given to deny the motion to dismiss. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 825 (7th Cir. 2014) (standard for reconsideration); *Russell v. Delco Remy Division of General Motors Corp.*, 51 F.3d 746, 751 (7th Cir. 1995) (same); *see also* 29 U.S.C. § 207(e) (proper calculation); *see e.g., Smiley v. E.I. Dupont De Nemours & Co.*, 839 F.3d 325, 330 (3d Cir. 2016); *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1312 (10th Cir. 2011); *Turner v. BFI Waste Servs.*, 268 F. Supp. 3d 831, 836-37 (D.S.C. 2017).

First, after citing 29 C.F.R. § 531.35—"there would be a violation of the [FLSA] in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime

wages required to be paid him under the Act"—the court returned to the amended complaint. Namely, the court highlighted two key allegations made by Ms. Hayes: (1) that the "kickbacks taken by Thor actually cut into [her] and her similarly situated coworkers' overtime wages," and (2) these deductions "cut into rate based or lump sum pay that Thor paid [her]." The court must accept these allegations as true. *See Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010).

Second, as noted in the prior opinion, Ms. Hayes alleges she received improper deductions in a specific workweek. For a one-week pay period ending September 2, 2017, she worked overtime hours and received deductions for "purchase" and "tax." Under the law and applicable pleading standards, "a plaintiff alleging a federal minimum wage violation [or overtime wage violation] must provide sufficient factual context to raise a plausible inference there was at least one workweek in which he or she was underpaid." *Hirst v. SkyWest, Inc.,* 910 F.3d 961, 966 (7th Cir. 2018); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That said, "plaintiffs need not necessarily plead specific dates and times that they worked undercompensated hours." *Id.* Her pleading requires sufficient facts, not every accounting detail spelled out. Applying this standard to Ms. Hayes' FLSA overtime claims from improper deductions, she provided details of at least one workweek (ending September 2, 2017) when she worked in excess of forty hours and was not paid her full overtime wages due to deductions, according to her allegations that must be taken as true at this stage.

Third, Ms. Hayes alleges in her amended complaint that the "paystub contains no explanation of any formula or 'rate' used by Thor to calculate lump sum (piece rate) wages or the overtime pay in the two categories." According to Thor's records, Ms. Hayes was paid that week in three categories: (1) lump sum wage of $847.52, (2) lump sum overtime pay of $17.96, and (3) lump sum overtime pay of $90.00. As clarified at oral argument, Ms. Hayes contests Thor's recalculation in its reconsideration motion and doesn't accept the assumptions that Thor asks the court to make. Ms. Hayes does so based on the amended complaint that alleges that "from those wages—which include overtime

2

wages—Thor took deductions" and "[s]uch deductions cut into [Ms.] Hayes' overtime wages." ECF 46 ¶ 77. Accepting the plaintiff's allegations as true, at the minimum Ms. Hayes has described a situation "where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." 29 C.F.R. § 531.35. It is at least plausible, albeit just so. Whether Ms. Hayes can prove her claim or whether Thor can prove that Ms. Hayes' deductions in overtime weeks were proper and made the same way as in non-overtime weeks, *see* 29 C.F.R. § 531.37, are questions for another day.

Fourth, given that Ms. Hayes alleges that Thor failed to keep accurate records and provided no explanation for the various forms of compensation, to require Ms. Hayes to plead more details at this stage, including the precise nature of how her deductions reduced her overtime wages in the manner of summary judgment argument or proof at trial, would be inconsistent with the evidentiary standard for FLSA claims:

> But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes, a more difficult problem arises. The solution, however, is not to penalize the employee by denying [her] any recovery on the ground that [she] is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with [its] statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out [her] burden if [she] proves that [she] has in fact performed work for which [she] was improperly compensated and if [she] produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *accord Acosta v. Min & Kim, Inc.*, 919 F.3d 361, 366 (6th Cir. 2019); *Wagner v. Lee Cnty.*, 678 F. Appx. 913, 926 (11th Cir. 2017). Here, Ms. Hayes needn't have pleaded a QuickBooks-like breakdown of her wages. She just needed to "provide

some factual context that will nudge [her] claim from conceivable to plausible." *Hirst*, 910 F.3d at 966 (citing *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017)). Giving her the benefit of her allegations and all reasonable inferences, *see Sloan v. Am. Brain Tumor Ass'n*, 901 F.3d 891, 893 (7th Cir. 2018), she has done so. Proof is for another day, particularly when Thor's defense that its payment system was lawful presupposes the existence of a piece-rate system, which in the next breath the company disavows having implemented for its employees.

## CONCLUSION

Given the error in the court's calculation of Ms. Hayes' regular rate of pay, the court GRANTS Thor's motion to reconsider in that lone respect but DENIES the motion in all other respects (ECF 68). This case will proceed to further discovery.

SO ORDERED.

August 31, 2020                                             *s/ Damon R. Leichty*
                                                            Judge, United States District Court