UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JENNIFER HAYES, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THOR MOTOR COACH, INC.,<br><br>Defendant. | CAUSE NO. 3:19-CV-375 DRL-MGG |

ORDER

Plaintiff Jennifer Hayes and Defendant Thor Motor Coach, Inc. request pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) and Federal Rule 23(e) an order: (a) finally approving the FLSA Class settlement, as described in the Stipulation Of Class/Collective Action Settlement ("Settlement Agreement"); (b) preliminarily approving the Rule 23 Class settlement, as described in the Settlement Agreement; (c) conditionally certifying a settlement class under Rule 23 for purposes of proceeding in connection with the final approval of the settlement agreement; (d) approving the form of the class notice and directing the manner of delivery thereof; (e) approving Hans A. Nilges, Robi J. Baishnab, and Robert P. Kondras as Class Counsel; (f) approving the Plaintiff as representative Plaintiff; and (g) setting dates for opt-outs, objections, and a final fairness hearing for the Rule 23 Class settlement.

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion for Final Approval of FLSA Settlement and Preliminary Approval of Rule 23 Class Action Settlement, the Declaration of Plaintiff's Counsel Hans A. Nilges appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Preliminary Order granting final approval of the FLSA Settlement and preliminary approval of the Rule 23 Class Action Settlement, and approving notice to the Class Members as follows:

1. Unless otherwise defined, all terms used in this Preliminary Order have the same meanings as terms defined in the Settlement Agreement.

2. Plaintiff Jennifer Hayes filed her combined Rule 23 class action and FLSA collective action lawsuit on May 10, 2019 against Defendant Thor Motor Coach, Inc.[1] Defendant filed two different FRCP 12(b)(6) motions to dismiss.[2] The first was granted, with instruction that Plaintiff file an Amended Complaint that provided a detailed example of a piece rate-based overtime violation in at least one specific work week.[3] The Amended Complaint was filed on December 17, 2019.[4] The Court denied Defendant's second Motion to Dismiss on June 11, 2020.[5]

3. Plaintiff filed her Motion to Conditionally Certify a FLSA Collective Action on January 27, 2020, and the motion was granted on September 1, 2020.[6] Following Court approval, Notice was mailed to potential opt-in plaintiffs in mid-November 2020 and the 90-day notice period closed on February 17, 2021.[7]

4. The negotiations involved Counsel who have extensive experience litigating FLSA and various state-wage and hour claims. The Parties engaged in a day of mediation on May 3, 2021, and reached a settlement after arms-length and good-faith negotiations between the Parties and their counsel. That same day, the Parties entered into a written Settlement Memorandum of Agreement. The terms of the settlement are set forth in the Settlement Agreement, attached as **Exhibit 1** (ECF 125-1) to their Joint Motion.

5. The Parties contested the issues in this case. Prior to entering into the settlement, the Parties engaged in significant motion practice and significant discovery. This enabled the Parties to

---

[1] ECF No. 1.
[2] ECF Nos. 17 and 49.
[3] ECF No. 43.
[4] ECF No. 46.
[5] ECF Nos. 66 and 74.
[6] ECF Nos. 48 and 75.
[7] ECF No. 96 at page 3 of 7, ¶ 4.C.i.

determine the scope of potential damages and to assess the strengths and weaknesses of their respective positions.

6. The Settlement Agreement resolves the individual and collective claims of the Named Plaintiff and Class Members made pursuant to the FLSA and provides class-wide relief and distribution of funds pursuant to Rule 23. The Settlement Agreement is subject to approval by the Court pursuant to the FLSA and Rule 23(e).

7. The Settlement Agreement is hereby FINALLY APPROVED as to the FLSA Class Members' claims as provided in the Settlement Agreement and PRELIMINARILY APPROVED as to the Rule 23 Class Members' claims as provided in the Settlement Agreement, for notice purposes, as appearing on its face to be fair, reasonable, and adequate and to have been the product of serious, informed, and extensive arm's length negotiations between the Named Plaintiff and Defendant. In making these findings, the Court considered the nature of the claims, the relative strength of the Named Plaintiff's claims, the amounts and kinds of benefits to be paid, the allocation of settlement proceeds, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. Accordingly, the Court finds that the settlement agreement was entered into in good faith.

8. As to the Named Plaintiff and the Class Members she represents, the Court finds that the proposed Settlement Class qualifies for provisional certification under Rule 23(a) and (b)(3). The proposed Settlement Class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Named Plaintiff is an adequate representative of the Class – she is a member of the Class and she possesses the same interests and suffered the same alleged injuries as the Class Members. The definition of the Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the Class Members are commensurate with their claims. The

Court finds there is sufficient basis to conclude preliminarily that the proposed settlement is fair, reasonable, and adequate as to the Class.

9. The Court provisionally certifies the Class pursuant to Rule 23(a) and (b)(3) as provided in the Settlement Agreement, specifically as follows: **The 3,514 individuals with Rule 23 Claims during the period of time from May 10, 2017 up to January 15, 2018**.

10. The Court approves Jennifer Hayes as the Named Plaintiff, and appoints as Class Counsel, Hans A. Nilges, Robi J. Baishnab, and Robert P. Kondras.

11. The Court provisionally approves the payment of attorneys' fees and expenses to Class Counsel as provided in the Settlement Agreement.

12. The Court approves the proposed Class Action Settlement Notice as to substance, form, and manner of distribution, and orders that it be distributed to Class Members in the manner described in the Settlement Agreement, once completed after Counsel confer. The Court orders the final version filed as a single exemplar within 7 days of the Notice's issuance.

13. The Court directs that the Class Members be given notice of the pendency of this Action, the proposed settlement, and the date of a hearing ("Fairness Hearing") at which final approval of the proposed settlement may be considered.

14. The Fairness Hearing will be held on January 13, 2022 at 1:30 p.m. Class Members requesting exclusion from the Class Action Settlement and/or objecting to the Class Action Settlement must timely request exclusion and/or file objections in the time and the manner set forth in the Class Action Settlement Notice. Specifically, the Class Members must take such steps by not later than <u>60 days</u> after the initial mailing and emailing, where available, of the Class Action Settlement Notice.

15. Prior to the Fairness Hearing, Class Counsel shall file with the Court a Declaration verifying that the Class Action Settlement Notice was distributed to the Class Members in the form and manner approved herein.

16. The Parties shall file papers in support of Final Approval of the Settlement Agreement no later than 14 days following the end of the Notice Period.

17. The Court orders that, pending Final Approval, Class Members are preliminarily enjoined from commencing, prosecuting or maintaining in any court other than this Court any claim, action or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision or ruling of this Court in connection with the Settlement Agreement.

18. Accordingly, the court GRANTS the parties' joint motion for final approval of FLSA settlement and preliminary approval of Rule 23 class action settlement (ECF 124), consistent with this order.

SO ORDERED.

October 13, 2021                                   *s/ Damon R. Leichty*
                                                   Judge, United States District Court