UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JENNIFER HAYES, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THOR MOTOR COACH, INC.,<br><br>Defendant. | CAUSE NO. 3:19-CV-375 DRL-MGG |

### ORDER

The Court held a Fairness Hearing in this matter, including a hearing on the Plaintiff's Motion for Final Approval of Class Action Settlement Agreement, Service Award and Petition for Final Approval of Class Counsels' Attorney Fees on January 13, 2022. Plaintiff Jennifer Hayes was present by counsel Robert P. Kondras, Jr. Defendant Thor Motor Coach, Inc. was present by counsel Stephen Judge and R. John Kuehn III. No one else attended, despite prior notice.

The outstanding portion of the settlement in this matter encompassed claims brought as Fed. R. Civ. P. 23 class action claims under the Indiana Wage Payment Statute. The parties presented argument regarding final approval of the settlement, details regarding the payments that will be made to members of the class action, and the amount of attorney fees and costs sought by the Plaintiffs' counsel. Plaintiffs' counsel moved for final approval of the Class Action Settlement Agreement, the service award to the Plaintiff, and payment of Plaintiffs' remaining fees to Class Counsel. For the reasons set forth below, the Court **GRANTS** the Plaintiff's Motion for Final Approval of Class Counsel's Attorney Fees, Plaintiff's Service Award and **GRANTS** Final Approval of the Class Action Settlement Agreement and the Individual Settlement Agreement, which had been preliminarily approved on October 13, 2021 [ECF 126].

1. Any terms not defined herein shall have the meanings set forth in the Class Action Settlement Agreement.

2. The Court approves the Class Settlement Agreement as within the range of possible approval by this Court, and as fair, reasonable, and adequate to the Settlement Class under the circumstances of this case. Notice of the settlement was mailed to all potential participants. One class member filed an objection. The court addressed and overruled the objection and made express findings on the record at the hearing. Three class members chose to opt out of the settlement. None of the class members attended the Fairness Hearing, except for the class representative, Ms. Hayes. The Court also approves the Individual Settlement Agreement as a fair and reasonable compromise of a disputed claim.

3. For the sole purpose of administering the proposed settlement reflected in the Class Action portion of the Settlement Agreement, pursuant to Federal Rule of Civil Procedure 23, the Court certifies the Rule 23(b)(3) Settlement Class, which is defined as follows:

> Current and former employees of Thor Motor Coach, Inc., who were subjected to one or more wage deductions in categories called "Purchase" and/or "Sales Tax Purchase," who worked for Thor Motor Coach, Inc. between May 10, 2017 and January 15, 2018.

The Court further appoints, again for the sole purpose of administering the proposed settlement reflected in the Class Action Settlement Agreement, Plaintiff Hayes as class representative and the following counsel as Class Counsel: Hans A. Nilges, Robi Baishnab and Robert P. Kondras, Jr.

4. **Attorney Fee Award**. The Court approves Plaintiff's Counsels' attorney fees and costs in the amount of One Hundred Twenty-Two Thousand Two Hundred Twenty-Two Dollars and Twenty-Two Cents ($122,222.22) to be divided by Class Counsel pursuant to their co-counsel agreement. The fees are reasonable and were negotiated as part of this settlement. This remaining $122,222.22 in fees (Defendant has already paid the initial $244,444.44 in attorney fees as part of the

FLSA Collective Action) shall be paid within thirty-five (35) days of the Court's final approval of the settlement agreement.

6. **Service Awards to the Lead Plaintiff**. Lead Plaintiff Jennifer Hayes already received payment in full of her $10,000.00 service award in 2021 when payments were made in the FLSA Collective Action portion of the settlement.

7. **Common Fund**. Settlement Payments to Rule 23 Class Members. The Court grants final approval of the $102,490.83 paid to the Rule 23 (Bucket Two) Class Members.  The parties agreed to fund the Rule 23 settlement in a common fund format. The common fund shall be administered by the parties' agreed upon Claims Administrator, Analytics LLC.  The parties have already paid the class administration fees.  That sum is reasonable and was be paid from the common fund.  Checks to Rule 23 class members will be mailed as expeditiously as possible, but within thirty-five (35) days of the Final Approval Date as defined in the Class Action Settlement Agreement.

Settlement of class claims brought under Fed. R. Civ. P. 23 may be approved if the Court finds the settlement to be "fair, adequate, and reasonable." Fed. R. Civ. P. 23(e)(2). The Seventh Circuit Court of Appeals has characterized the Court's role as that of a fiduciary to the class members in considering whether a settlement is fair and reasonable. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 862 (7th Cir. 2014).

After reviewing the Class Action Settlement Agreement and the Plan of Allocation, and considering the information presented by counsel at the hearing, the Court finds the settlement in this matter was reached in good faith and at arm's length, and is a reasonable compromise of the vigorously disputed issues in this case. Along with findings made on the record, the Court notes the following:

- Plaintiffs' counsel was diligent, and used all reasonable efforts, in attempting to locate class members;

3

- The response rate to the notices that were sent to the Rule 23 class members indicates that the method of notice was effective;

- One class member filed an objection, which the court addressed at the hearing, and three class members filed opt-out forms;

- The total settlement amount paid was the result of extensive negotiations between the parties, and the average amount is reasonably close to the maximum average amount each individual could obtain if the cases were litigated individually;

- The fees and costs Plaintiffs' counsel will receive under the Settlement Agreement are consistent with the contract between Plaintiffs' counsel and his clients' and are fair and reasonable, based on the amount of work counsel undertook in this litigation;

- The parties have negotiated the amount of attorney fees, so an effective marketplace to determine the appropriate amount of fees was present here. *See McKinnie v. JP Morgan Chase Bank, N.A.,* 678 F.Supp.2d 806, 814 (E.D. Wis. 2009) ("[a]n appropriate attorneys' fee award is one that 're-creates' the market for the provided legal services") (citing *Montgomery v. Aetna Plywood, Inc.,* 231 F.3d 399, 408 (7th Cir. 2000) ("where the district court is asked to award reasonable attorneys' fees or reasonable costs, the measure of what is reasonable is what an attorney would receive from a paying client in a similar case")).

In sum, the Court **GRANTS** Plaintiffs' Motion for Final Approval of Class Counsel's Attorney's Fees and Service Award [ECF 128], and gives **FINAL APPROVAL** of the Parties' Class Action Settlement Agreement and Individual Settlement Agreement as a fair and reasonable compromise of a bona fide dispute. This matter is **DISMISSED WITH PREJUDICE** and without fees, costs or disbursements to any party, except as provided in the Class Action Settlement Agreement as to Plaintiffs' counsel fees and costs. Payments to class members under the Class Action Settlement Agreement shall commence in a manner consistent with this Order and the Class Action Settlement Agreement.

SO ORDERED.

January 13, 2022                                          *s/ Damon R. Leichty*
                                                         Judge, United States District Court